```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND
```

DEREK S. SAILORS, <u>et al.</u>       :
                                      :
v.                                    :   Civil No. WMN-06-1249
                                      :
RICHARD STEVEN STEINEBRUNNER          :
    <u>et al.</u>                     :

### MEMORANDUM

This action arises out of a traffic accident that occurred on July 26, 2003.  At the time of the accident, Plaintiff Derek Sailors, a Pennsylvania resident, was driving a vehicle owned by his employer, BGE Home Products and Services, Inc. (BGE Home).  According to the Complaint, Defendant Richard Steinebrunner, a resident of Maryland, rear-ended Sailors' vehicle while Sailors was stopped at a traffic light.  Plaintiffs allege that Sailors sustained serious and permanent personal injuries as a result of the accident and brought a claim of negligence and, with his wife, a claim for loss of consortium.  The Complaint seeks $6,000,000 in damages under the negligence claim, and $500,000 under the consortium claim.  Plaintiffs identified diversity of citizenship as the basis for this Court's jurisdiction over the matter.

In addition to naming himself and his wife as Plaintiffs, Sailors named BGE Home and Constellation Energy Group, Inc.(BGE Home's parent company) as "Use Plaintiffs."  The Complaint states

that both entities are "real part[ies] in interest," Compl. ¶¶ 6 and 7, but does not specifically identify what that interest might be. Because both entities would be deemed citizens of Maryland by virtue of their place of incorporation, Defendants have moved to dismiss this action based upon a lack of complete diversity. Paper No. 3. Plaintiffs opposed the motion, asserting that these entities are not parties to the pending action, but are "named into the case as [] 'use plaintiff[s]' for purposes of disclosure of a financial interest in the outcome of these proceedings." Opp'n ¶¶ 6, 7. Plaintiffs state further that BGE Home and Constellation Energy "have no justiciable interest in the controversy brought before this Court." Id. ¶ 8. In addition to opposing the motion to dismiss the complaint, Plaintiffs filed a "Notice of Voluntary Dismissal of Dispensable Nondiverse Parties." Paper No. 8. Defendants have opposed Plaintiffs' voluntary dismissal of BGE Home and Constellation Energy.

The Court assumes that BGE Home and Constellation Energy have been subrogated to the rights of some portion of Plaintiffs' potential recovery, presumably on the basis of the payment of a workers' compensation claim. As subrogees, these entities would clearly be "real parties in interest" within the meaning of Rule

2

17 of the Federal Rules of Civil Procedure.[1]  <u>United States v. Aetna Cas. & Surety Co.</u>, 338 U.S. 366, 380 (1949).  Thus, they could bring an action against Defendants in their own names.  In fact, if they had paid the entire loss, they would be the only parties in interest and only they could bring suit.  <u>Id.</u>

In light of the non-economic damages sought in the Complaint, however, the subrogation in this instance is clearly only partial subrogation.  Defendants make no argument to the contrary.  In cases of partial subrogation, the Supreme Court has established the following rule: "If [the subrogee] has paid only part of the loss, both the insured and insurer (and other insurers, if any, who have also paid portions of the loss) have substantive rights against the tortfeasor which qualify them as real parties in interest."  <u>Id.</u> at 380-81.

Therefore, BGH Home and Constellation Energy could bring suit along with the Sailors.  The critical question then becomes, must BGE Home and Constellation Energy be named as plaintiffs if doing so would destroy diversity?  The Supreme Court in <u>Aetna</u> also provided the answer to that question, noting that while partial subrogees are "necessary" parties within the meaning of Rule 19, "[t]hey are clearly not 'indispensable' parties" within the meaning of that Rule.  338 U.S. at 382 & n.19.  Relying on

---

[1] Rule 17 provides in pertinent part that "[e]very action shall be prosecuted in the name of the real party in interest."

this language from <u>Aetna</u>, courts have held,

> where the insurer has not fully compensated the insured for its loss, "either party may sue" without the presence of the other. <u>Aetna</u>, 338 U.S. at 381.  In such a case, if joinder of the absent insured or insurer would deprive the court of jurisdiction over the subject matter of the action, the court may properly proceed in accordance with Rule 19 to adjudicate the rights of the suing plaintiff alone; the consequence is that the defendant "may have to defend two or more actions on the same tort."  <u>Aetna</u>, 338 U.S. at 382.

<u>Saint Paul Fire & Marine Ins. Co. v. Universal Builder Supply, Inc.</u>, 409 F.3d 73, 81 (2nd Cir. 2005); <u>see also</u> <u>Krueger v. Cartwright</u>, 996 F.2d 928, 934 (7th Cir. 1993) (collecting cases); 6A Charles A. Wright <u>et al.</u>, <u>Federal Practice and Procedure</u> § 1546 at 363 (2nd ed. 1990).

Accordingly, the Court will deny Defendants' motion to dismiss the complaint.  A separate order consistent with this memorandum will issue.

                                                                       /s/

William M. Nickerson
Senior United States District Judge

Dated: July 5, 2006